**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| SANDRA MUÑOZ and LUIS ERNESTO ASENCIO-CORDERO, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Defendants. | CASE NO. CV 17-0037 AS <br><br> **ORDER DENYING PLAINTIFFS' RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS** |

**INTRODUCTION**

On January 3, 2017, Sandra Muñoz ("Muñoz") and Luis Ernesto Asencio-Cordero ("Asencio" and collectively, "Plaintiffs") filed a Complaint for Declaratory Relief ("Complaint") against the U.S. Department of State ("DOS"); John F. Kerry, the U.S. Secretary of State; and Mark Leoni, the U.S. Consul General in San Salvador, El Salvador ("Defendants"), challenging the denial of Asencio's visa application. (Dkt. No. 1). The Complaint raises six causes of action: (1) the visa denial was not facially legitimate and bona fide (Count One); (2) the visa denial violates the Equal

Protection Clause of the Fifth Amendment (Count Two); (3) the visa denial violates the separation of powers (Count Three); (4) the visa denial was made in bad faith (Count Four); (5) the visa denial without judicial review violates the Administrative Procedures Act (Count Five); and (6) 8 U.S.C. § 1182(a)(3)(A)(ii) is unconstitutionally vague (Count Six). (Compl. ¶¶ 34-51). Plaintiffs seek a declaration that the DOS's reason for denying Asencio's visa application was not bona fide and 8 U.S.C. § 1182(a)(3)(A)(ii) is unconstitutionally vague. (Id. at 12). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 25, 27, 29).

On September 29, 2017, Defendants filed a Motion to Dismiss, which the Court denied on December 11, 2017. (Dkt. Nos. 37, 47). On December 26, 2017, Defendants answered the Complaint (Dkt. No. 48), and on January 2, 2018, they filed an amended answer ("Answer") (Dkt. No. 49).

On April 4, 2018, Plaintiffs filed a Motion for Judgment on the Pleadings ("Motion"). (Dkt. No. 52). On April 26, 2018, Defendants filed an Opposition ("Opp'n"), and on May 2, 2018, Plaintiffs filed a Reply. (Dkt. Nos. 56, 57). On May 17, 2018, the Court conducted a hearing on the Motion, heard argument from the parties, and took the matter under submission. (Dkt. No. 58).

For the reasons set forth below, the Motion is DENIED.

**STANDARD OF REVIEW**

Unlike a Rule 12(b)(6) motion to dismiss, "a Rule 12(c) motion for judgment on the pleadings may be made by either party." Qwest Commc'ns Corp. v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002). "A plaintiff may move for judgment on the pleadings if the answer fails to controvert material facts alleged in the complaint." Id. "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Fajardo v. Cty. of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999). "Uncontested allegations to which the other party had an opportunity to respond are taken as true." Quest, 208 F.R.D. at 291.

Although Ashcroft v. Iqbal, 556 U.S. 662 (2009), "establishes the standard for deciding a Rule 12(b)(6) motion, [the Ninth Circuit has determined] that Rule 12(c) is functionally identical to Rule 12(b)(6) and that the same standard of review applies to motions brought under either rule." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (citation omitted). Thus, to succeed on a Rule 12(c) motion, a plaintiff must allege enough uncontested allegations "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Schuett v. FedEx Corp., 119 F. Supp. 3d 1155, 1159 (N.D. Cal. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Accordingly, a plaintiff "is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense, which, if proved, would defeat plaintiff's recovery." Gieck v. Thomas, No. CV 06-2719, 2007 WL 2462104, at *2 (S.D. Cal. Aug. 27, 2007).

**PLAINTIFFS' UNCONTESTED MATERIAL ALLEGATIONS**

Asencio is a native and citizen of El Salvador, who arrived in the United States in March 2005. (¶ 15).[1] In July 2010, he married Muñoz, who is a U.S. citizen by birth. (¶ 16). In April 2015, Asencio departed the United States to pursue an immigration visa with the DOS, based on the approved immigrant relative petition that Muñoz filed.[2] (¶¶ 3, 18). In May 2015, Asencio had an initial interview with the U.S. Consulate in El Salvador. (¶ 19).

---

[1] All citations to Plaintiffs' factual allegations are to the relevant paragraph numbers in the Complaint and the Answer.

[2] Immigrating to the United States is typically a two-step process. First, the person sponsoring the foreign national files a petition with the U.S. Citizenship and Immigration Service ("USCIS"). 22 C.F.R. § 42.41. If the petition is approved, the USCIS forwards it to the respective U.S. consulate for the requisite visa interview. Id. § 42.62.

On or about December 28, 2015, the Consular Section denied Asencio's visa application. (¶ 20). Asencio was denied lawful permanent residence status on the grounds that he was inadmissible pursuant to 8 U.S.C. § 1182(a)(3)(A)(ii), which states that "[a]ny alien who a consular officer or the Attorney General knows, or has reasonable ground to believe, seeks to enter the United States to engage solely, principally, or incidentally in . . . any other unlawful activity" is ineligible to receive a visa and is ineligible to be admitted to the United States.[3] (¶ 22). Muñoz contacted Congresswoman Judy Chu, who sent a letter on Muñoz's behalf to the DOS on January 20, 2016. (¶ 23). Consul Landon R. Taylor responded to Chu's letter on January 21, 2016, citing § 1182(a)(3)(A)(ii), but provided no specific facts for finding Asencio inadmissible. (¶ 24). In April 2016, the Consulate forwarded the case to the immigration visa unit for review. (¶ 26). On April 13, 2016, Taylor reported to Plaintiffs: "the finding of ineligibility for [Asencio] was reviewed by the [DOS], which concurred with the consular officer's decision. Per your request, our Immigration

---

[3] The Answer also cites to 8 U.S.C. § 1182(a)(9)(B)(ii), which prohibits admission to any alien who "has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States," as another reason that the consular officer found Asencio ineligible for a visa. (Answer ¶¶ 20-22). At the hearing on May 17, 2018, the parties explained that once Asencio was considered inadmissible under § 1182(a)(3)(A)(ii), he was then also subject to the ten-year ban pursuant to § 1182(a)(9)(B)(ii). Defendants' counsel reiterated at the hearing that for purposes of Plaintiff's Motion, Defendants were asserting only § 1182(a)(3)(A)(ii) as the reason Asencio was deemed inadmissible.

Visa Unit took another look at this case, but did not change the decision." (¶ 28). Plaintiffs wrote to the DOS's Office of Inspector General, requesting that a reason be given for the inadmissibility decision. (¶ 30). On May 18, 2016, Christine Parker, the DOS's Chief of the Outreach and Inquiries Division of Visa Services, stated that the DOS "concurred in the finding of ineligibility." (¶ 33).

## DISCUSSION

**A. Plaintiffs Are Not Entitled To Judgment As A Matter Of Law On Their Allegation That Defendants Failed To Provide A Bona Fide Factual Reason For Denying Asencio's Visa Application**

Plaintiffs contend that Defendants' mere citation to 8 U.S.C. § 1182(a)(3)(A)(ii) in denying Asencio's visa application "was an insufficient basis to deny [his] admission to the [United States]." (Dkt. No. 52 at 3). They argue that Defendants' citation to § 1182(a)(3)(A)(ii) does not satisfy Supreme Court precedent "as a matter of law and is legally invalid." (Id. at 4-5).

### 1. Doctrine of Consular Nonreviewability

The Supreme Court has "long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." Fiallo v. Bell, 430 U.S. 787, 792 (1977)

6

(citation omitted). "The Court without exception has sustained Congress' plenary power to make rules for the admission of aliens and to exclude those who possess those characteristics which Congress has forbidden." Kleindienst v. Mandel, 408 U.S. 753, 766 (1972) (citation omitted). "When Congress delegates this plenary power to the Executive, the Executive's decisions are likewise generally shielded from administrative or judicial review." Andrade-Garcia v. Lynch, 828 F.3d 829, 834 (9th Cir. 2016); see U.S. ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 544 (1950) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.").

"Despite these rulings, 'courts have identified a limited exception to the doctrine of consular nonreviewability where the denial of a visa implicates the constitutional rights of American citizens.' " Andrade-Garcia, 828 F.3d at 834 (quoting Bustamante v. Mukasey, 531 F.3d 1059, 1061 (9th Cir. 2008)) (alteration omitted). This limited exception traces to the Mandel decision. Dr. Ernest Mandel was a Belgian journalist and a self-described revolutionary Marxist, who had been invited by college professors, all of them U.S. citizens, to speak at a university conference. Mandel, 408 U.S. at 756-57. The consulate denied Mandel's visa application, finding him inadmissible under the immigration laws at that time, which barred aliens who advocate world communism, and the Attorney General declined to grant a waiver. Id. at 757; see Cardenas v. United States, 826 F.3d 1164, 1169 (9th Cir. 2016). Mandel, along with a number of American professors, challenged the denial. Mandel, 408 U.S. at

7

759-60. While the Supreme Court ruled that "Mandel personally, as an unadmitted and nonresident alien, had no constitutional right of entry," the Court found that the denial of Mandel's visa implicated the professors' First Amendment right to receive ideas. Id. at 762, 765-66. Nevertheless, the Supreme Court "declined to balance the First Amendment interest of the professors against 'Congress' plenary power to make rules for the admission of aliens and to exclude those who possess those characteristics which Congress has forbidden.' " Kerry v. Din, 135 S. Ct. 2128, 2139 (2015) (Kennedy, J., concurring) (quoting Mandel, 408 U.S. at 766) (other citation omitted). Instead, the Mandel Court "limited its inquiry to the question whether the Government had provided a 'facially legitimate and bona fide' reason for its action." Din, 135 S. Ct. at 2140; see Mandel, 408 U.S. at 770 ("We hold that when the Executive exercises this power negatively on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the First Amendment interests of those who seek personal communication with the applicant.").

The Supreme Court recently returned to the nonreviewability issue in Din. Fauzia Din, a U.S. citizen, was married to Kanishka Berashk, an Afghan citizen and former civil servant in the Taliban regime. Din, 135 S. Ct. at 2131. The consulate denied Berashk's visa application, finding him inadmissible under 8 U.S.C. § 1182(a)(3), a "statutory provision prohibiting the issuance of visas to persons who engage in terrorist activities,"

8

"but provided no further explanation." Id. at 2132, 2139. The Din concurrence "assumed without deciding that Din's constitutional rights were burdened by the visa denial, but held that the reasons for the visa denial given by the Government satisfied Mandel's 'facially legitimate and bona fide' standard." Cardenas, 826 F.3d at 1170 (9th Cir. 2016) (citing Din, 135 S. Ct. at 2140); see Int'l Refugee Assistance Project v. Trump, 857 F.3d 554, 589 (4th Cir.), as amended (May 31, 2017), as amended (June 15, 2017), cert. granted, 137 S. Ct. 2080 (2017), and vacated and remanded on other grounds, 138 S. Ct. 353 (2017) ("Courts have continuously applied Mandel's 'facially legitimate and bona fide' test to challenges to individual visa denials."); Am. Acad. of Religion v. Napolitano, 573 F.3d 115, 125 (2d Cir. 2009) ("We conclude that, where a plaintiff, with standing to do so, asserts a First Amendment claim to have a visa applicant present views in this country, we should apply Mandel to a consular officer's denial of a visa."); see also Cardenas, 826 F.3d at 1171-72 (determining that the Kennedy concurrence in Din "represents the holding of the Court").

Thus, despite the "long recognized . . . power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control," Cardenas, 826 F.3d at 1169, "courts have identified a limited exception to the doctrine where the denial of a visa implicates the constitutional rights of American citizens," Bustamante, 531 F.3d at 1061. "[U]nder Mandel, a U.S. citizen raising a constitutional challenge to the denial of a

9

visa is entitled to a limited judicial inquiry regarding the reason for the decision." Bustamonte, 531 F.3d at 1062. A U.S. citizen "has a protected liberty interest in her marriage that gives rise to a right to constitutionally adequate procedures in the adjudication of her husband's visa application." Id.

### 2. The Record May Establish A Facial Connection To The Statutory Ground Of Inadmissibility

While the government's denial of a visa to Asencio implicates Muñoz's protected liberty interest in her marriage, the Court's review "is limited to ensuring that the decision was supported by a 'facially legitimate and bona fide reason.' " Cardenas, 826 F.3d at 1167 (quoting Mandel, 408 U.S. at 770). Din laid out a two-part test for determining whether the denial of a visa to the spouse of a U.S. citizen provides the "facially legitimate and bona fide reason" required by Mandel. See Cardenas, 826 F.3d at 1172 ("Under the Din concurrence, the facially legitimate and bona fide reason test has two components."). "First, the consular officer must deny the visa under a valid statute of inadmissibility." Id.; see Din, 135 S. Ct. at 2140 (consular officer's citation to § 1182(a)(3)(B) "suffices to show that the denial rested on a determination that Din's husband did not satisfy the statute's requirements," and "the Government's decision to exclude an alien it determines does not satisfy one or more of [the statutory conditions for entry] is facially legitimate under Mandel"). "Second, the consular officer must cite an admissibility statute that 'specifies

10

discrete factual predicates the consular officer must find to exist before denying a visa,' or there must be a fact in the record that 'provides at least a facial connection to' the statutory ground of inadmissibility." Cardenas, 826 F.3d at 1172 (quoting Din, 135 S. Ct. at 2141).

In opposing Defendants' Motion to Dismiss, Plaintiffs acknowledged that the consular officer's citation to § 1182(a)(3)(A)(ii) was sufficient to demonstrate that the visa denial relied on a valid statute of inadmissibility. (Dkt. No. 39 at 6-7); see Din, 135 S. Ct. at 2140 (consular officer's citation to § 1182(a)(3)(B) "suffices to show that the denial rested on a determination that Din's husband did not satisfy the statute's requirements"); Cardenas, 826 F.3d at 1172 ("The consular officer gave a facially legitimate reason to deny Mora's visa because he cited a valid statute of inadmissibility, § 1182(a)(3)(A)(ii)."). Plaintiffs argued, however, that the mere citation to § 1182(a)(3)(A)(ii) fails to provide the "discrete factual predicates" necessary to deny a visa. (Dkt. No. 39 at 7).

Defendants contend that the consular officer's citation to § 1182(a)(3)(A)(ii) "contains the discrete factual predicates that Din and Cardenas describe; as such, there was no need for a fact in the record to provide a factual connection to [the] statute." (Opp'n at 9). However, in denying the Motion to Dismiss, the Court found that § 1182(a)(3)(A)(ii) does not provide the "discrete factual predicates" necessary to deny a

11

visa because the statute merely precludes admission, without further edification, to an alien who a consular officer "knows, or has reasonable ground to believe, seeks to enter the United States to engage . . . in . . . any other unlawful activity." 8 U.S.C. § 1182(a)(3)(A)(ii). Defendants contend that this inadmissible ground is similar to § 1182(a)(3)(B), which the Din court found to provide the requisite discrete factual predicates. (Opp'n at 10-11). Section 1182(a)(3)(B) proscribes admission to an alien who a consular officer believes will engage in "terrorist activities." But as the Court found in denying Defendants' Motion to Dismiss, paragraph (B) includes literally dozens of subparagraphs that describe in detail what "terrorist activity," "engag[ing] in terrorist activity," and "terrorist organization" entail. See Chehade v. Tillerson, 712 F. App'x 598, 600 (9th Cir. 2017) ("Because '§ 1182(a)(3)(B) specifies discrete factual predicates the consular officer must find to exist before denying a visa,' it is not necessary for there to also be a fact in the record providing a facial connection to the statutory ground of inadmissibility.") (quoting Din, 135 S.Ct. at 2141); see also Baluch v. Sullivan, 719 F. App'x 725, 726 (9th Cir. 2018) (plaintiff conceded that the consular officer's citation to § 1182(a)(3)(B) "provided a facially legitimate and bona fide reason for the [visa] denial"); Amiri v. Kelly, No. 17-CV-12188, 2018 WL 623652, at *7 (E.D. Mich. Jan. 30, 2018) ("Under Din, [a citation to § 1182(a)(3)(B)] is a facially legitimate and bona fide reason to deny the [visa] application."). In contrast, paragraph (A) provides no such factual predicates for what "unlawful activity" entails. Thus,

as the Court previously concluded, paragraph (A) grants the consular officer "nearly unbridled discretion," which the Mandel and Din courts cautioned against. See Din, 135 S. Ct. at 2140-41 ("But unlike the waiver provision at issue in Mandel, which granted the Attorney General nearly unbridled discretion, § 1182(a)(3)(B) specifies discrete factual predicates the consular officer must find to exist before denying a visa."); see also Cardenas, 826 F.3d at 1172 ("[T]here must be a fact in the record that 'provides at least a facial connection to' the statutory ground of inadmissibility.") (quoting Din, 135 S. Ct. at 2141).

Defendants contend that "the requirements that a consular officer know or have reason to believe both that an alien intends to commit unlawful activity and that an alien seeks to enter the United States with the intent to engage in that unlawful activity are discrete factual predicates in and of themselves." (Opp'n at 10) (emphasis in original). However, Defendants' argument that the consular officer necessarily had a factual basis for believing that Ascencio was seeking to enter the United States to engage in unlawful activity by citing to § 1182(a)(3)(A)(ii) finds no support in the available case law, which consistently cites to facts in the record when finding that the consular officer's decision was bona fide. See Matushkina v. Nielsen, 877 F.3d 289, 295-96 (7th Cir. 2017), reh'g denied (Jan. 26, 2018) (consular officer cited § 1182(a)(6)(C)(i), which precludes admissibility for an alien who fraudulently or willfully misrepresents a material fact, and the plaintiff acknowledged in

her consular interview that she omitted material information); Morfin v. Tillerson, 851 F.3d 710, 714 (7th Cir. 2017), cert. denied, No. 17-98, 2017 WL 3136962 (U.S. Oct. 30, 2017) (any due process right alien's wife had to an explanation of the grounds for denial of alien's visa request was satisfied by consular officer's explanation that there was reason to believe alien trafficked in cocaine); Hazama v. Tillerson, 851 F.3d 706, 709-10 (7th Cir. 2017) (consular officer's decision to deny alien's visa application on ground that alien previously engaged in terrorist acts was facially legitimate and bona fide, as the record contained undisputed facts that when alien was 13 years old he threw rocks at armed Israeli soldiers); Allen v. Milas, No. 15 CV 0705, 2016 WL 704353, at *3 (E.D. Cal. Feb. 23, 2016) ("[T]he consular office determined that she was ineligible for a visa . . . because she was convicted in a German court of theft . . . [and] for illicit acquisition of narcotics."); cf. Singh v. Tillerson, 271 F. Supp. 3d 64, 2017 WL 4232552, at *6 (D.D.C. Sept. 21, 2017) (Any fifth amendment right spouse and father had to review denial of visa requests satisfied by consular officer's explanation that each child was "found ineligible to receive an immigrant visa" under 8 U.S.C. § 1182(a)(6)(C)(i), which prohibits a visa to anyone who has tried to obtain one by fraudulent means or misrepresentation. Plaintiff's wife was also found ineligible for an immigrant visa, pursuant to 8 U.S.C. § 1182(a)(6)(E), on grounds that she made material misrepresentations for the purpose of aiding and abetting aliens who were trying to enter the United States.); Santos v. Lynch, No. 15 CV 0979, 2016 WL 3549366, at *4 (E.D.

Cal. June 29, 2016) ("Even if the Court was to find that Plaintiff stated a liberty interest in living in the United States as an adult child with her parents, Plaintiff has failed to allege that the reasons offered by the consular official for denying her parents' visa applications were not facially legitimate and bona fide. . . . Here, the consular officer . . . determined that they were ineligible for visas . . . because they lived unlawfully in the United States for a period exceeding 1 year. The consular officer also denied Mr. Santos's visa application . . . because as an alien, Mr. Santos knowingly encouraged, induced, assisted, abetted, or aided an alien to enter or to try to enter the United States in violation of law.").

Nevertheless, the Court believes that granting Plaintiffs' motion for judgment on the pleadings would be a hasty and imprudent use of Rule 12(c)'s summary procedure. See 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.) ("Although [a Rule 12(c)] motion may be helpful in disposing of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further, thereby easing crowded trial dockets in the federal district courts, hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense."); accord Kennedy v. Kings Mosquito Abatement Dist., No. 12-CV-1458, 2013 WL 1129202, at *4 (E.D. Cal. Mar. 18, 2013); see Santos v. Reverse Mortg. Sols., Inc., No. 12-3296, 2012 WL 4891597, at *4 (N.D. Cal. Oct. 12, 2012)

15

("Federal courts may decline to enter judgment on the pleadings when they perceive that 'hasty or imprudent use of this summary procedure' would impede the strong policy in favor of deciding cases on their merits.") (quoting 5C Fed. Prac. & Proc. Civ. § 1368). Here, the Court finds that it cannot rule, as a matter of law, that the decision to deny Asencio's visa application was not bona fide. While the Court has determined that § 1182(a)(3)(A)(ii) does not specify discrete factual predicates, the consular officer's decision would be bona fide if "there [was] a fact in the record that 'provides at least a facial connection to' the statutory ground of inadmissibility." Cardenas, 826 F.3d at 1172 (quoting Din, 135 S. Ct. at 2141). Accordingly, before the Court rules on this issue, the parties must fully develop the record.

**B. Plaintiffs Are Not Entitled To Judgment As A Matter Of Law On Their Allegation That §1182(a)(3)(A)(ii) Is Unconstitutionally Vague**

Plaintiffs contend that § 1182(a)(3)(A)(ii) is unconstitutionally vague because it fails to give ordinary people fair notice of the conduct it punishes. (Motion at 7-15). Plaintiffs also argue that this section is unconstitutionally vague because it "invites arbitrary enforcement by unaccountable consular officers who have free reign [sic] to interpret the statute however they see fit." (Id. at 15). Finally, Plaintiffs assert that "[t]he lack of accountability over arbitrary

enforcement also raises the likelihood of discriminatory enforcement." (Id. at 24).

The void-for-vagueness doctrine "guarantees that ordinary people have 'fair notice' of the conduct a statute proscribes." Sessions v. Dimaya, 138 S. Ct. 1204, 1212 (2018). The doctrine "guards against arbitrary or discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges." Id. "The degree of vagueness that the Constitution tolerates . . . depends in part on the nature of the enactment." Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498 (1982). In particular, the Supreme Court has "expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." Id. at 498-99. Nevertheless, while "[t]he removal of an alien is a civil matter," the Supreme Court has held that because of "the grave nature of deportation," "the most exacting vagueness standard should apply in removal cases." Dimaya, 138 S. Ct. at 1213 (citation omitted) (emphasis added). However, the void-for-vagueness doctrine may not apply to exclusion statutes, such as the one at issue here. Cf. Rojas-Garcia v. Ashcroft, 339 F.3d 814, 823 n.8 (9th Cir. 2003) ("while the Supreme Court has allowed aliens to bring vagueness challenges to deportation statutes, an alien may not have the same right to challenge exclusion provisions") (citation omitted); Boggala v. Sessions, 866 F.3d 563, 569 n.5 (4th Cir. 2017), cert. denied, 138 S. Ct. 1296 (2018) ("It is unclear whether an alien is allowed to bring

17

a vagueness challenge to admissibility laws."); Beslic v. I.N.S., 265 F.3d 568, 571 (7th Cir. 2001) ("it is questionable whether [a void-for-vagueness] challenge to an admissibility statute would be cognizable").

Nevertheless, even if the Court determines that Muñoz has standing to assert a void-for-vagueness challenge to § 1182(a)(3)(A)(ii), it is premature for the Court to rule on the issue at this stage of the case. "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550, (1975); accord Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 946 (9th Cir. 2013). Thus, because vagueness challenges are evaluated on a case-by-case basis, the Court must examine § 1182(a)(3)(A)(ii) to determine whether the statute is vague as applied to Asencio. See Moreno v. Attorney Gen. of United States, 887 F.3d 160, 165 (3d Cir. 2018) ("Because vagueness challenges are evaluated on a case by case basis, we must examine 8 U.S.C. § 1182(a)(2)(A)(i)(I) to determine whether the statute is vague as applied to Moreno.") (citations omitted). However, until the record is fully developed, as discussed above, the Court cannot determine whether § 1182(a)(3)(A)(ii) is unconstitutionally vague as specifically applied to Asencio's visa application.

**CONCLUSION**

Plaintiffs' Motion for Judgment on the Pleadings is DENIED. The Court sets a scheduling conference for August 16, 2018 at 10:00 a.m. The parties shall file a Joint Case Management Conference Statement, together with a Rule 26(f) discovery plan no later than August 9, 2018. See Local Rule 26-1.

DATED: June 8, 2018.

/S/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE