ALAN DIAMANTE, Bar No. 180149
LAW OFFICE OF ALAN R. DIAMANTE, APLC
510 West 6th Street, Suite 506
Los Angeles, California 90014
Telephone: (213) 943-4555
Fax: (213) 943-4553
E-Mail: adiamante@alandiamantelaw.com

MONICA T. GUIZAR, Bar No. 202480
ALEJANDRO DELGADO, Bar No. 302717
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
Telephone: (213) 380-2344
Fax: (213) 443-5098
E-Mail: lacourtnotices@unioncounsel.net
        mguizar@unioncounsel.net
        adelgado@unioncounsel.net

Attorneys for Plaintiffs Sandra Muñoz;
Luis Ernesto Asencio-Cordero

MICHAEL A. CELONE, Bar No.
US DEPARTMENT OF JUSTICE
Civil Division-Office of Immigration Litigation
P.O. Box 868 Benjamin Franklin Station
Washington, DC 20044
Telephone: (202) 305-2040
Fax: (202) 305-7000
E-Mail: michael.a.celone@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUÑOZ, Sandra; ASENCIO-CORDERO, Luis Ernesto,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE; Mike POMPEO, United States Secretary of State; Mar LEONI, United States Consul General, San Salvador, El Salvador.<br><br>Defendants. | Case No. 2:17-CV-00037-AS<br><br>**JOINT RULE 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: September 18, 2018<br>Time: 10:00 a.m.<br>Court Room: 540<br>Judge: Hon. Alka Sagar |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

1
Joint Rule 26(F) Report and Initial Case Management Conference Statement
Case No. 2:17-CV-00037-AS

Plaintiffs Sandra Muñoz ("Ms. Muñoz") and Luis Ernesto Asencio-Cordero ("Mr. Asencio-Cordero" and collectively, "Plaintiffs") and Defendants United States Department of State, United States Secretary of State, Mike Pompeo and United States Consul General Mark Leoni,(collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Central District of California Local Rule ("LR") 26-1, and this Court's Order Continuing Scheduling Conference Set for August 16, 2018 at 10:00 A.M. ("Order"), hereby submit the following Joint Rule 26(f) Report ("Report").

## A. CLAIMS AND DEFENSES

### 1. Plaintiffs' Statement

Plaintiff Sandra Munoz and her spouse, Luis Asencio-Cordero, are a husband and wife seeking to be reunited in their home in the United States. Mr. Asencio-Cordero was denied admission to this country at the Consulate in El Salvador without notice as to any factual reason for being denied entry except for citation of a statute which accuses Mr. Asencio-Cordero of seeking "to enter the United States to engage solely, principally, or incidentally in … any other unlawful activity." See 8 U.S.C. § 1182(a)(3)(A)(ii).

Plaintiffs Sandra Muñoz ("Ms. Muñoz") and Luis Ernesto Asencio-Cordero have been married since July 2, 2010. Ms. Munoz is a United States citizen and Mr. Asencio-Cordero is a citizen of El Salvador. Mr. Asencio-Cordero lived in the United States from March 2005 until 2015, when he departed the United States to obtain his immigrant visa from the United States Consulate in San Salvador, El Salvador, based on an approved immigrant petition filed by Ms. Muñoz and an inadmissibility waiver. Mr. Asencio-Cordero has been unable to return to the United States since 2015 because the Department of State (DOS) found that he was permanently inadmissible based on Immigration and Nationality Act (INA) Section 212(a)(3)(A)(ii). This Section gives the DOS the ability to find applicants inadmissible if they have "reasonable ground to believe" that an alien "seeks to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

2
Joint Rule 26(F) Report and Initial Case Management Conference Statement
Case No. 2:17-CV-00037-AS

enter the United States to engage solely, principally, or incidentally in … any other unlawful activity." See 8 U.S.C. Section 1182(a)(3)(A)(ii). In the course of its dealings with Mr. Asencio-Cordero and Ms. Muñoz, the DOS has never provided a factual basis for denying Mr. Asencio-Cordero's immigrant visa on the ground of inadmissibility. Plaintiffs filed this action with this Court, seeking a finding that the DOS's failure to provide a factual basis for its refusal to admit Mr. Asencio-Cordero is insufficient grounds for an inadmissibility determination.

Defendants contend that the consular officer's citation to § 1182(a)(3)(A)(ii) "contains the discrete factual predicates that Din and Cardenas describe; as such, there was no need for a fact in the record to provide a factual connection to [the] statute." Defs.' Opp'n to Pls.' MJP, ECF No. 56, at 9. However, in denying Defendants' Motion to Dismiss, this Court found that the State Department failed to provide a bona fide factual reason for denying Mr. Asencio-Cordero's visa application. Specifically, the Court ruled that § 1182(a)(3)(A)(ii) does not provide the "'discrete factual predicates' necessary to deny a visa because the statute merely precludes admission, without further edification, to an alien who a consular officer 'knows, or has reasonable ground to believe, seeks to enter the United States to engage . . . in . . . any other unlawful activity.' U.S.C. § 1182(a)(3)(A)(ii)." Order Den. MJP, ECF No. 59, at 13-14. The Court further clarified in its Order Denying Plaintiffs' Rule 12(c) Motion for Judgment on the Pleadings, that "While the Court has determined that § 1182(a)(3)(A)(ii) does not specify discrete factual predicates . . . . the parties must fully develop the record" to determine if there is any fact in the record that provides a facial connection to the statutory ground of inadmissibility." Id. at 16.

## 2. Defendants' Statement

Plaintiffs' primary claim should be dismissed since Defendants' decision denying Mr. Asencio-Cordero's visa now unquestionably provides a "facially legitimate and bona fide reason for its action." Kerry v. Din, 135 S. Ct. 2128, 2140

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

3

Joint Rule 26(F) Report and Initial Case Management Conference Statement
Case No. 2:17-CV-00037-AS

(2015). Specifically, Defendants have informed Plaintiffs that the consular officer who denied Mr. Asencio-Cordero's visa application did so after determining that Mr. Asencio-Cordero was a member of known criminal organization. As such, and in accordance with the Court's June 8, 2018 Order on Plaintiffs' Motion for Judgment on the Pleadings, "the consular officer's decision [is] bona fide" since there is now "a fact in the record that provides at least a facial connection to the statutory ground of inadmissibility." ECF No. 59 at 16 (quoting Cardenas v. United States, 826 F.3d 1164, 1172 (9th Cir. 2016)). Plaintiffs have also failed to meet their "burden of proving that the reason was not bona fide by making an affirmative showing of bad faith on the part of the consular officer who denied [ ] a visa," Order Den. MTD, ECF 47 at 16 (quoting Cardenas, 826 F.3d at 1172) (internal quotations omitted) since they have failed to "plausibly allege[ bad faith] with sufficient particularity." Id. (quoting Din, 135 S. Ct. at 2141).

Plaintiffs' secondary legal arguments, to the extent they remain, present only legal issues that can be resolved through dispositive motions. Specifically, Plaintiffs' argument that section 1182(a)(3)(A)(ii) is unconstitutionally vague is unavailing as it fails on jurisdiction – neither plaintiff has standing to bring the claim – and on the merits. Furthermore, contrary to Plaintiffs' argument, Defendants' denial of Mr. Asencio-Cordero's visa without judicial review does not violate the Administrative Procedure Act since "the APA provides no avenue for review of a consular officer's adjudication of a visa on the merits." Allen v. Milas, 896 F.3d 1094, 1108 (9th Cir. 2018).

**B.  SUBJECT MATTER JURISDICTION**

This Court has jurisdiction over the present action based on 28 U.S.C. Section 1331 (Federal Question), 28 U.S.C. Section 1346(b) (Federal Defendant), 5 U.S.C. Section 704 (Administrative Procedure Act), and 28 U.S.C. 2201-2 (authority to issue declaratory judgment when jurisdiction already exists).

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

4

Joint Rule 26(F) Report and Initial Case Management Conference Statement
Case No. 2:17-CV-00037-AS

C. **LEGAL ISSUES**

1. **Plaintiffs' Legal Issues**

Plaintiffs' primary legal issues are the following:

1) Whether there are any facts in the record that provide a facial connection to the statutory ground of inadmissibility under 8 U.S.C. § 1182(a)(3)(A)(ii);

2) Whether Defendants' denial of Mr. Asencio-Cordero's immigrant visa application was in bad faith;

3) Whether Defendants' denial of Mr. Asencio-Cordero's immigrant visa application violates the Equal Protection Clause of the Fifth Amendment;

4) Whether Defendants' denial of Mr. Asencio-Cordero's immigrant visa application violates the separation of powers under Article III;

5) Whether Defendants' denial of Mr. Asencio-Cordero's immigrant visa application without judicial review violates the Administrative Procedure Act;

6) Whether Muñoz has standing to assert a void-for vagueness challenge to § 1182(a)(3)(A)(ii);

7) Whether 8 U.S.C. § 1182(a)(3)(A)(ii) is unconstitutionally vague as applied to Mr. Asencio-Cordero;

2. **Defendants' Legal Issues**

Defendants' legal issues are the following:

1) Whether Defendants' decision denying Mr. Asencio-Cordero's visa now qualifies as a "facially legitimate and bona fide reason" as this Court defined it.

2) Whether the "consular officer's decision [is] bona fide" since, *inter alia*, there is now "a fact in the record that provides at least a facial

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

5

Joint Rule 26(F) Report and Initial Case Management Conference Statement
Case No. 2:17-CV-00037-AS

connection to the statutory ground of inadmissibility." Order Den. MJP, ECF No. 59 at 16 (quoting Cardenas v. United States, 826 F.3d 1164, 1172 (9th Cir. 2016)).

3) Whether Plaintiffs have failed to meet their "burden of proving that the reason was not bona fide by making an affirmative showing of bad faith on the part of the consular officer who denied [ ] a visa," Order Den. MTD, ECF 47 at 16 (quoting Cardenas, 826 F.3d at 1172)(internal quotations omitted) since they have failed to "plausibly allege[ bad faith] with sufficient particularity." *Id*. (quoting Din, 135 S. Ct. at 2141).

4) Whether Plaintiffs' equal protection argument fails because Plaintiffs have been afforded the full scope of the "limited judicial inquiry" permitted "regarding the reason for the [consular] decision." Bustamonte v. Mukasey, 531 F.3d 1059, 1062 (9th Cir. 2008).

5) Whether Defendants' denial of Mr. Asencio-Cordero's visa without judicial review does not violate the Administrative Procedure Act since "the APA provides no avenue for review of a consular officer's adjudication of a visa on the merits." Allen, 896 F.3d at 1108.

6) Whether Plaintiffs' argument that section 1182(a)(3)(A)(ii) is unconstitutionally vague fails on jurisdiction grounds and on the merits.

///
///
///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

6
Joint Rule 26(F) Report and Initial Case Management Conference Statement
Case No. 2:17-CV-00037-AS

### D. PARTIES' EVIDENCE

#### 1. Plaintiffs' Evidence

Plaintiffs' witnesses include but are not limited to Mr. Asencio-Cordero and Ms. Muñoz, the government agents involved in processing Mr. Asencio-Cordero's immigrant visa application, and potential expert witnesses. The above-mentioned government agents include but are not limited to government agents in the Consular Section, the DOS, Bureau of Consular Affairs, Consulate's Correspondence and Information Unit, Immigration Visa Unit, Office of Inspector General of the DOS, Outreach and Inquiries Division of Visa Services at the DOS, Christine Parker (Chief of the Outreach and Inquiries Division of Visa Services at the DOS), and Consul Land R. Taylor, among others.

Key documents include any non-privileged documents and communications between Mr. Asencio-Cordero and Ms. Muñoz and the above-mentioned government agencies and agents, as well as any internal documents and communications regarding Mr. Asencio-Cordero's immigrant visa application within and between the above-mentioned government agencies and agents.

#### 2. Defendants' Evidence

Defendants do not believe discovery is warranted, or necessary, to resolve any remaining issues in this case. Defendants have provided Plaintiffs with a bona fide factual reason for denying Mr. Asencio-Cordero's visa. Specifically, the State Department has disclosed that the consular officer determined Mr. Asencio-Cordero was a member of a known criminal organization and therefore inadmissible under 8 U.S.C. § 1182(a)(3)(A). As such, and in accordance with the Court's June 8, 2018 Order on Plaintiffs' motion for judgment on the pleadings, there is now "a fact in the record that provides at least a facial connection to the statutory ground of inadmissibility." ECF No. 59 at 16. Moreover, Plaintiffs have failed to meet their burden of proving that the denial of Mr. Asencio-Cordero's visa was not bona fide

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

7
Joint Rule 26(F) Report and Initial Case Management Conference Statement
Case No. 2:17-CV-00037-AS

by making "an affirmative showing of bad faith on the part of the consular officer." Order Den. MTD, ECF 47 at 16 (quoting Cardenas, 826 F.3d at 1172).

To the extent any of Plaintiffs' causes of action survive, Defendants believe discovery is unwarranted. Any remaining issues involve exclusively legal questions that can, and should, be resolved through dispositive motions without the need for further development of the record through discovery.

**E. MOTIONS**

    **1. Plaintiffs' Motions**

Plaintiffs anticipate filing a motion for leave to file amended complaint to include a petition for writ of mandamus, a motion requesting that the Court grant Mr. Asencio-Cordero parole for the purposes of discovery and/or court proceedings, a motion for summary adjudication/judgment, motions in limine, and all other appropriate pre-trial motions.

    **2. Defendants' Motions**

Defendants believe that any surviving causes of action may be resolved on summary judgment. Defendants anticipate moving for summary judgment at the earliest opportunity. If the case survives past the summary judgment phase, Defendants anticipate filing motions in limine and all other appropriate pre-trial motions to the extent necessary.

**F. MANUAL FOR COMPLEX LITIGATION**

The Manual for Complex Litigation is not applicable.

**G. STATUS OF DISCOVERY**

The Parties have not yet discussed or conducted any discovery in this case.

**H. DISCOVERY PLAN**

    **1. Plaintiffs' Plan**

Plaintiffs will begin propounding requests for admissions, interrogatories, requests for production, and notices of deposition for witnesses promptly after the Scheduling Conference. Plaintiffs also anticipate filing a motion requesting that the

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

8
Joint Rule 26(F) Report and Initial Case Management Conference Statement
Case No. 2:17-CV-00037-AS

Court grant Mr. Asencio-Cordero parole for the purposes of discovery and/or court proceedings. In addition to stenographic recording of depositions, the parties reserve the right to take video and audio recordings.

### 2. Defendants' Plan

Defendants do not believe discovery is warranted, or necessary, to resolve the issues in this case. Defendants have now provided Plaintiffs with a bona fide factual reason for denying Mr. Asencio-Cordero's visa. As such, there is a fact in the record that provides a facial connection to the statutory ground of inadmissibility and resolves any factual dispute. Moreover, Plaintiffs have failed to meet their pleading burden of proving that the denial of Mr. Asencio-Cordero's visa was not bona fide by making an affirmative showing of bad faith on the part of the consular officer. Discovery is therefore unwarranted as any remaining issues in the case involve legal questions that can, and should, be resolved through dispositive motions.

The Parties do not currently anticipate a need for special orders, although the Parties may seek Protective Orders. The Parties do not currently contemplate any other proposed changes on the limits on discovery imposed by FRCP Rules 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 30(a).

## I. DISCOVERY CUTOFF

To the extent necessary, the Parties agree to a discovery cutoff of six months from the entry of the Court's scheduling order.

## J. EXPERT DISCOVERY

The disclosures of expert witnesses required by Federal Rule of Civil Procedure 26(a)(2) shall be completed as follows: (i) Plaintiffs would seek to disclose all experts within sixty days of the discovery cutoff; (ii) Defendants shall disclose all of its experts within thirty days thereafter; and (iii) all rebuttal experts shall be disclosed within thirty days of Defendants' designation.

///

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

9
Joint Rule 26(F) Report and Initial Case Management Conference Statement
Case No. 2:17-CV-00037-AS

**K.   DISPOSITIVE MOTIONS**

The Parties contemplate filing cross motions for summary adjudication/judgment, as well as any other appropriate dispositive motions.

The Parties propose the cutoff for filing dispositive or partially dispositive motions of one month following the close of discovery.

**L.   SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

Defendants attempted to settle the case through discussions with opposing counsel. However, to date, such discussions have not resolved the issues.

If necessary, the Parties agree to appear before a neutral arbiter selected from the Court's Mediation Panel under ADR Procedure No. 2 under L.R. 26-1(c) and L.R. 16-15.4. The ADR session will occur on or about sixty (60) days prior to the Final Pretrial Conference.

**M.   TRIAL ESTIMATE**

Plaintiffs contemplate calling at least five (5) witnesses and estimate that the trial will take at least five (5) court days.

Defendants do not believe that trial is appropriate.  If this Court determines otherwise, Defendants estimate that trial would require no more than two to three court days.

**N.   TRIAL COUNSEL**

    **1.   <u>Plaintiffs</u>**

Alan R. Diamante

510 West 6th St., Suite 506

Los Angeles, CA 90014

    **2.   <u>Defendants</u>**

Stacey I. Young

Michael A. Celone

450 5th Street NW

Washington, DC 20530

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

10

Joint Rule 26(F) Report and Initial Case Management Conference Statement
Case No. 2:17-CV-00037-AS

**O.   ADDITIONAL PARTIES**

The Parties do not anticipate the appearance of any additional parties in this case.

**P.   INDEPENDENT EXPERT OR MASTER**

At present it does not appear such appointments will be necessary.

**Q.   TIMETABLE**

The Parties agree as follows:

1. The deadline for filing dispositive and non-dispositive pre-trial motions shall be one month after the non-expert discovery cutoff. The Parties agree the non-expert discovery cutoff should be six months from the entry of the Court's scheduling order.

2. The Pre-Trial Conference date shall be one month after the deadline for filing dispositive and non-dispositive pre-trial motions.

3. Any settlement discussions will be ongoing throughout discovery.

**R.   OTHER**

Nothing further at this time.

Respectfully submitted,

Dated: September 11, 2018   LAW OFFICES OF ALAN R. DIAMANTE

By: _____/s/ Alan R. Diamante_____
ALAN R. DIAMANTE

Dated: September 11, 2018   WEINBERG, ROGER & ROSENFELD

By: _____/s/ Alejandro Delgado_____
MONICA T. GUIZAR
ALEJANDRO DELGADO

Dated: September 11, 2018   UNITED STATES DEPARTMENT OF JUSTICE

By: _____/s/ Michael A. Celone_____
MICHAEL A. CELONE

141044\986809